UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEVAR TAYLOR,                                :
                                             :
       Petitioner,                          :      Civ. No. 14-0249 (RBK)
                                             :
v.                                           :      **OPINION**
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
       Respondent.                          :
                                             :

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

### I. INTRODUCTION & BACKGROUND

Petitioner is a federal prisoner currently incarcerated at F.C.I. Schuykill in Minersville, Pennsylvania. He is proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On March 7, 2014, the Court ordered petitioner to submit an amended § 2255 motion within thirty days as his original § 2255 motion was not on the form supplied by the Clerk. Petitioner was also warned that his failure to comply with that Order could result in a dismissal of this action for failure to prosecute. To date, petitioner has not complied with the March 7, 2014 Order, as he has not filed an amended § 2255 motion on the form supplied to him by the Clerk.

### II. DISCUSSION

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). In this case, petitioner was ordered to file an amended § 2255 motion on the form supplied by the Clerk and was warned that failure to do so could result in the

1

dismissal of this action for failure to prosecute. Petitioner's failure to respond to March 7, 2014 Order indicates such a failure to prosecute.

The six factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), will be weighed to determine whether this action should be dismissed for failing to prosecute. The *Poulis* factors are as follows: "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) the availability of alternative sanctions; (6) the meritoriousness of the claim or defense." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 n. 3 (3d Cir. 2011) (per curiam) (citing *Poulis*, 747 F.2d at 868)). "No single *Poulis* factor is dispositive, and not all need to be satisfied in order to appropriately dismiss a [petition] under the test." *Washington v. Grace*, 533 F. App'x 68, 72 (3d Cir. 2013) (per curiam) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citations omitted)).

In this case, petitioner is personally responsible for the failure to respond to the Court's March 7, 2014 Order as he is proceeding *pro se*. Therefore, this factor weighs against petitioner. *Accord Muhammad v. Court of Common Pleas of Allegheny Cnty., Pa.*, 532 F. App'x 106, 108 (3d Cir. 2013) (per curiam) (finding first *Poulis* factor weighs against plaintiff "because as a pro se litigant he is 'solely responsible for the progress of his case.'") (quoting *Briscoe*, 538 F.3d at 258-59 (3d Cir. 2008)). As to the second factor, the respondent has not yet been served with the petition in this case, and thus, petitioner's failure to respond to the Court's order has not prejudiced respondent at this stage of the proceedings. *Accord Williams v. Forte*, 270 F. App'x 221, 224 (3d Cir. 2008) (per curiam) (finding that second *Poulis* factor did not weigh against plaintiff because defendants had not yet been served). However, by failing to respond to the Court's Order, petitioner has shown a history of dilatoriness under the third *Poulis* factor.

*Accord Novellino v. N.J. Dep't of Corr. Mountainview Youth Corr. Facility*, No. 10-4542, 2012 WL 2339698, at *2 (D.N.J. Mar. 21, 2012) (noting that plaintiff's failure to show cause requiring plaintiff to identify reasons why claim should not be dismissed for failure to prosecute indicates a history of dilatoriness), *report and recommendation adopted by*, 2012 WL 2339826 (D.N.J. June 15, 2012). As to the fourth and fifth factors, while the Court cannot determine whether petitioner has acted with bad faith, the Court notes that petitioner was warned that failure to respond to the Court's Order could result in dismissal of this action, yet he still failed to respond to the Order by filing an amended § 2255 motion on the correct form. *Accord Muhammad*, 2013 WL 4400877, at *2 (finding that fifth *Poulis* factor weighs in favor of dismissal when plaintiff was previously warned that failure to abide by Court order could result in dismissal of his case); *Johnson Shavers v. MVM, Inc.*, No. 04-666, 2008 WL 304938, at *4 (D.N.J. Jan. 29, 2008) ("As to the fifth *Poulis* factor, having once dismiss the case for failure to prosecute *and warning Plaintiff about the possibility of dismissal*, the Court finds that dismissal is the only appropriate sanction.") (emphasis added).

Finally, as to the sixth *Poulis* factor, the petition does not appear to state a meritorious claim. At the outset, the Court notes that petitioner has had a previous § 2255 motion attacking his judgment and conviction denied. (*See* Civ. No. 09-1537.) The United States Court of Appeals denied a certificate of appealability on that motion after determining that plaintiff failed to establish a constitutional violation. (*See* Civ. No. 09-1537, Dkt. No. 23.) "Before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion." *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A), 2255). In this case, petitioner does not indicate that he received permission from the United States Court of

Appeals to file this new § 2255 motion. Thus, it appears as if this Court would lack jurisdiction to consider this § 2255 action on the merits.

Furthermore, it is worth noting that petitioner appears to challenge the United States' jurisdiction under the Constitution to charge him with conspiracy to commit wire fraud. Such a jurisdictional argument would presumably be without merit even if this Court had jurisdiction to consider this § 2255 action *See United States v. Karamanos*, 38 F. App'x 727, 729 (3d Cir. 2002) ("The United States Supreme Court has consistently maintained that Congress may constitutionally regulate the 'channels' and 'instrumentalities' of interstate commerce.") (citing *United States v. Morrison*, 529 U.S. 598, 609 (2000)); *see also United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012) (holding that petitioner's challenge to wire fraud statute, 18 U.S.C. § 1343, fails as Section 1343 is within the extensive reach of the Commerce Clause) (citations omitted); *United States v. Hook*, 195 F.3d 299, 310 (7th Cir. 1999) (holding that 18 U.S.C. § 1343 is within the extensive reach of the Commerce Clause). Thus, the sixth *Poulis* factor weighs against petitioner.

### III.   CONCLUSION

Upon considering and weighing the *Poulis* factors outlined above, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute is warranted. An appropriate order will be entered.


DATED:   April 21, 2014

                                                    s/Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge